IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER COTY MAIER,**

                Petitioner,

    v.                                                                       CASE NO. 24-3166-JWL

**KRIS KOBACH,**

                Respondent.

## MEMORANDUM AND ORDER

      This matter is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Christopher Coty Maier on September 19, 2024. (Doc. 1.) When Petitioner filed the petition that began this case, he neither paid the filing fee nor moved for leave to proceed in forma pauperis. Accordingly, on September 20, 2024, the Court issued a notice explaining to Petitioner that he must either pay the filing fee or move for leave to proceed in forma pauperis on or before October 21, 2024. (Doc. 2.) Petitioner was cautioned that if he failed to do so, "the Judge presiding over your case will be notified of your non-compliance, and this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1.

      Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is

not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Young*, 316 F. App'x at 771-72 (citations omitted).

The time in which Petitioner was required to comply with the notice has passed and Petitioner has neither paid the filing fee nor moved for leave to proceed in forma pauperis. As a consequence, the Court will dismiss this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice pursuant to Rule 41(b) for failure to comply with court orders. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 5th day of November, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge