## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CHRISTOPHER COTY MAIER,**

**Petitioner,**

**v.**                                                        **CASE NO. 24-3166-JWL**

**KRIS KOBACH[1],**

**Respondent.**

## <u>NOTICE AND ORDER TO SHOW CAUSE</u>

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner Christopher Coty Maier, who is proceeding pro se, is a pretrial detainee being held at the Douglas County Jail facing state criminal charges. Petitioner has moved for leave to proceed in forma pauperis (Doc. 13) but he has not provided the inmate account certificate required by Local Rule 9.1(g)(2)(A). That rule requires prisoner petitioners who wish to proceed in forma pauperis to "submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution." *See* D. Kan. 9.1(g)(2)(A). Petitioner is provisionally granted leave to proceed in forma pauperis, but he must submit the required account certificate on or before **January 10, 2025**, or his motion for leave to proceed in forma pauperis (Doc. 13) will be denied.

---

[1] Petitioner has named Kris Kobach as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Jay Armbrister, the current Sheriff of Douglas County, Kansas, where Petitioner is confined in the county jail, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

This matter is governed by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[2] and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

In his petition, Petitioner asserts four grounds for relief, all of which are nearly incomprehensible. For example, as Ground One, Petitioner states:

> (28 USC 453) is a federal magistrate's oath [and] contract to enforce Article 1. Sec. 10 cl. 2 of the U.S. Constitutions Contract Clause above all state or federal statutes pursuant to (18 USC 242) said "law" above may not be delayed by (CR-2023-26) by which Petitioner is unlawfully held. The contract is made a matter of public record at Kansas Secretary of States Office, notarized by Attorney General Kris Kobach titled legal notice and demand, Petitioner seeks the Courts . . . patien[ce] in either [subpoenaing] said contract with the State of Kansas, or [ob]taining it using federal criminal litigation to [ob]tain state "position(s)."

> Petitioner needs the Court to invoke his right to (call forth) evidence pursuant to definition (93) of said contract titled "Victimless Laws."

> Petitioner brings forth (KSA 77-134) which holds:

> All state statutes are granted authority by conception of law herein a "Victimless Law" seen as (KSA 77-134), and without (KSA 77-134) granting arresting statute (KSA-21-5403) in (CR-2023-76) exist[e]nce, since its constitutes a victimless law then Petitioner is not arrested by authority at law, and without evidence of law it violates (Model Code Sec. 212.1) and (Model Code Sec. 212.2) Feloni[o]us Restraint.

---

[2] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

Petitioner reminds the Court that [i]f (KSA 77-134) is a violation of contract [illegible] to in ([illegible] Notice and Demand) then No State Statutes exist since 2017 of the Attorney General's Not[a]ri[z]ation. Respectively, predating the ar[r]est of (CR-2023-26) and all other cases.

In (28 USC 453) it states the Federal Magistrate [m]ust give no respect to "persons," pursuant to (KSA 16-1602(N)(J) a government entity "(AKA person)" [illegible] as (U.S. Marshalls Office) (FBI) (Douglas County Sherriff's [O]ffice) Lawrence Police Department) (State of Kansas [a]s Defendant in this Case), may oppose or approve the benefit in argu[]ment against Petitioner . . .

Pursuant to (18 USC 2384) the law of [illegible] Judges oath to enforce contract legal notice [and] [illegible] may not be delayed, hindered, or prevented, using federal criminal or civil rule or procedures). Respect[f]ull[]y.

(Doc. 1, p. 6-8 (capitalization normalized, all remaining errors in original).)

Grounds Two, Three, and Four are similarly confusing. To the extent that it can be deciphered, Ground Two refers to a "Misnomer Law Doctrine," diplomatic name changes, contracts, and the Supremacy Clause. *Id.* at 6, 9-10. Liberally construed, it appears to assert that Petitioner's pending state criminal charges are unconstitutional because Petitioner changed his name via a diplomatic form, so he no longer is the person who was charged, and the State has not rebutted the name change. *See id.* at 10.

Ground Three purports to invoke the "Qui Tam Law Doctrine" and appears to claim that Petitioner cannot be criminally prosecuted under that doctrine because "the State(s) or Plaintiff in (CR-2023-76) is Lord [and] Procurer Under (KSA 21-3205) taking liability for all penalties of (KSA 22-580[])." *Id.* at 6. Ground Four asserts that "(22 USC 254) stipulates all crimes are dismissed in Douglas County court cases. (18 USC 2384) stipulates no delay in the execution of law being with:  (22-USC 254) may exsist. [*sic*]" *Id.* at 11. As relief, Petitioner seeks redemption under the Uniform Commercial Code "against all crimes filed at Douglas County Court Commercially trespassing upon the life, liberties, [and] pursuits of happiness of Petitioner," among

3

other things. *Id.* at 11.

The constitutional "right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994) (internal quotation marks omitted). This matter is subject to dismissal because it is frivolous, which means "it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining "frivolous" in the context of a federal statute addressing initial review of prisoner civil actions other than federal habeas proceedings in which the prisoner proceeds in forma pauperis); *Jiron v. Thorson*, 557 F. App'x 792, 793 (10th Cir. Mar. 4, 2014) (unpublished) (applying the *Neitzke* definition to a habeas matter under § 2241). Although the petition in this matter cites many statutes, invokes multiple "doctrines," and uses legal terminology, it does not present an arguable basis in law or fact for relief.

The Court will not address every detail of the petition that led to the conclusion that this matter is frivolous, but it specifically notes that K.S.A. 77-134, which Petitioner repeatedly cites in Ground One, authorizes "[t]he revisor of statutes of and for the state of Kansas . . . to enter into a contract with the West Publishing Company of St. Paul, Minnesota, a Minnesota corporation," to write indices for Kansas statutes, court rules, and constitutions. *See* K.S.A. 77-134. On its face, that neither applies to Petitioner or his state-imposed pretrial detention, nor does it support the assertions for which Petitioner cites it. Similarly, 18 U.S.C. § 2384, which Petitioner cites in Grounds Two and Four and which is the federal statute criminalizing seditious conspiracy, is not plainly applicable to this matter. K.S.A. 21-3205, which Petitioner cites in Ground Three, was repealed in 2010. These are but a few examples of how Petitioner's legal citations, when examined, fail to support any arguable claim for relief under 28 U.S.C. § 2241. Because it plainly appears

4

from the petition and the attachments thereto, even liberally construed, that Petitioner is not entitled to relief, this matter is subject to dismissal under Rule 4.

In addition, to the extent that Petitioner seeks in this matter the dismissal of the pending state criminal charges against him, it is well established that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act that was required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *See Ex parte Royall*, 117 U.S. 241, 251-52 (1886). Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). If these three circumstances are present, federal abstention is mandatory unless extraordinary circumstances require otherwise. *Brown ex*

*rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

Although "*Younger* and *Ex parte Royall* are related doctrines" the Tenth Circuit has stated that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining state proceedings" while *Ex parte Royall* "involved a request for habeas relief." *Kirk v. Oklahoma*, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished). In finding that *Ex parte Royall* provided "more specific authority for the dismissal" of a habeas matter, the Tenth Circuit held:

> In *Ex parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to "cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations." The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."

*Kirk*, 2021 WL 5111985, at *2 (citations omitted). The Tenth Circuit concluded that the district court did not err by abstaining from interfering in petitioner's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state ... [n]or is he seeking to compel the state to bring him to trial." *Id.*

Even liberally construed, the petition in this case does not allege the type of circumstances under which *Ex parte Royall* or *Younger* allows federal-court intervention in a state criminal prosecution. Petitioner does not allege that the act for which the State of Kansas is charging him was done under the authority of a federal law or foreign government, nor does this case involve foreign relations or present any indication that the State of Kansas should not be allowed to resolve any constitutional claims by Petitioner. The state criminal case against Petitioner is ongoing and the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws. *See In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007). Finally, the state courts provide Petitioner the opportunity to present any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993). Thus, even if Petitioner had stated a nonfrivolous claim for relief in this matter, *Ex parte Royall* and *Younger* would require this Court to abstain from granting relief that would involve interfering decline to interfere in the ongoing criminal proceedings against Petitioner in Douglas County.

Petitioner is therefore directed to show cause, in writing, on or before January 10, 2025, why this matter should not be dismissed in its entirety as frivolous and because *Ex Parte Royall* and *Younger* require the Court to abstain from intervening in Petitioner's state criminal proceedings. The failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Jay Armbrister, Sheriff of Douglas County, Kansas, where Petitioner is confined in the county jail, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **January 10,**

**2025** in which to submit the certificate required by Local Rule 9.1 to support his motion for leave to proceed in forma pauperis. If Petitioner fails to do so, the motion will be denied.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **January 10, 2025** in which to show cause, in writing, why this matter should not be dismissed without prejudice for the reasons set forth above.

**IT IS SO ORDERED.**

DATED:   This 9th day of December, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge