IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER COTY MAIER,**

Petitioner,

v.                                                                                          CASE NO. 24-3166-JWL

**JAY ARMBRISTER,**

Respondent.

### MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Christopher Coty Maier on September 19, 2024. (Doc. 1.) When Petitioner filed his petition, he neither paid the statutory filing fee nor submitted a motion to proceed in forma pauperis (IFP). Thus, on September 20, 2024, the Court issued a notice of deficiency (NOD) granting Petitioner 30 days in which to either pay the fee or submit a motion to proceed IFP. (Doc. 2.) The NOD cautioned Petitioner that if he "fail[ed] to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1. The deadline for compliance was October 21, 2024. *Id.* at 2.

The deadline passed without Petitioner complying with the NOD, so on November 5, 2024, the Court dismissed this matter without prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Docs. 3 and 4.) The following day, however, the Court received in the mail a motion to proceed IFP in this matter. Because it appeared that Petitioner may have mailed it before the deadline for compliance, the Court reopened this matter and considered the motion. (Doc. 9, p. 1.) Ultimately, however, the Court denied the motion because the supporting affidavit did not indicate that Plaintiff was unable to pay the $5.00 filing fee. *Id.* at 2. Therefore, the Court granted Petitioner

1

until and including December 9, 2024 to pay the filing fee. *Id.* at 3. Petitioner was again cautioned that if he "fails to do so, this matter will be dismissed without further prior notice to Petitioner." *Id.* at 3.

On November 22, 2024, the Court received from Petitioner a document titled "Fed[e]ral Complaint," which the Court liberally construed as a response to the order to pay the filing fee. (Doc. 10.) On November 25, 2024, the Court issued a memorandum and order explaining that it would take no further action on the submitted documents and reminding Petitioner that the filing fee was due on December 9, 2024. (Doc. 11.) Petitioner then submitted a second motion for leave to proceed IFP, but did not include the required inmate account certificate to support his motion. (Doc. 13.)

On December 9, 2024, the Court issued a notice and order to show cause (NOSC) provisionally granting Petitioner leave to proceed IFP so that it court screen this matter under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. 14.) Importantly, the NOSC clearly informed Petitioner that "he has not provided the inmate account certificate required by Local Rule 9.1(g)(2)(A)" to support his motion to proceed IFP. *Id.* at 1. The NOSC further informed Petitioner that "he must submit the required account certificate on or before January 10, 2025, or his motion for leave to proceed in forma pauperis will be denied." *Id.*

The NOSC further explained to Petitioner that this matter is subject to dismissal "as frivolous and because [*Ex parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37 (1971),] require the Court to abstain from intervening in Petitioner's state criminal proceedings." *Id.* at 4-5, 7. The Court therefore granted Petitioner "to and including January 10, 2025 in which to show cause, in writing, why this matter should not be dismissed without prejudice" either as frivolous or because the Court is required to abstain under *Ex parte Royall* and *Younger*. *Id.* at 8.

2

The NOSC was mailed to Petitioner at his address of record, but on December 16, 2024, the Court received it as returned mail. (Doc. 15.) The envelope was marked "Return to sender[;] refused by jail." *Id.* The Court remailed the NOSC to Petitioner at the Douglas County Jail on December 16, 2024. *Id.*

As Petitioner is aware, Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Young*, 316 F. App'x at 771-72 (citations omitted).

The January 10, 2025 deadline for filing his inmate account certificate and responding to the NOSC has passed and Petitioner has submitted nothing further to this Court. As a consequence, the Court will dismiss this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 13) is **denied.** This matter is dismissed without prejudice pursuant to Rule 41(b) for failure to comply with court orders. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 27th day of January, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge