IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER COTY MAIER,**

                              Petitioner,

           v.                                                       CASE NO. 24-3166-JWL

**KRIS KOBACH,**

                              Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Christopher Coty Maier on September 19, 2024. (Doc. 1.) In a notice and order to show cause (NOSC) issued on December 9, 2024, the Court gave Petitioner to and including January 10, 2025 to: (1) provide the inmate account statement required by Local Rule 9.1(g)(2)(A) to support his motion for leave to proceed in forma pauperis; and (2) show cause in writing why this matter should not be dismissed because it is legally frivolous and because *Ex parte Royall*, 117 U.S. 241, 251-52 (1886), and *Younger v. Harris*, 401 U.S. 37, 46 (1971), require the Court to abstain from intervening in Petitioner's ongoing state criminal proceedings. (Doc. 14.) The January 10, 2025 deadline came and went and the Court did not receive anything from Petitioner. Thus, on January 27, 2025, the Court dismissed this action without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 16.)

On January 28, 2025, the United States Postal Service delivered to the Court an envelope, postmarked January 10, 2025, that contained Petitioner's response to the NOSC and his inmate account statement. (Docs. 18, 18-1, and 18-2.) Because these documents were mailed by the January 10, 2025 deadline, this Court reopened this matter in order to consider them. (Doc. 19.)

1

The Court will grant Petitioner's motion for leave to proceed in forma pauperis (Doc. 13). The arguments in the document titled "Show Cause By Affidavit" respond to the Court's order that he show cause why this matter should not be dismissed as frivolous or under *Ex parte Royall* and *Younger*. (Doc. 18, p. 1.) The arguments therein are discussed below.

**The Application of Rules and Statutes to Habeas Corpus Petitions**

Petitioner first asserts that he "has not invoked a statutory defined habeas corpus but rather to the contrary, which voids the Courts order to show cause, as statutorily incapacitated Petitioner has only invoked the right to habeas corpus afforded by Constitutional mandate." *Id.* at 2 (capitalization normalized, all errors in original). In other words, Petitioner asserts that because he is asserting a "constitutional"—as opposed to statutory—right to federal habeas relief, he may avoid the limitations and requirements placed on federal habeas corpus petitions by federal statutes, Local Rules, and the Rules Governing Section 2254 Cases in the United States District Courts. The Court has carefully considered all of the legal authority Petitioner cites in his response, but finds that none of it supports Petitioner's position.

The Court also notes that the legal authorities Petitioner cites in his response generally do not have the content Petitioner credits to them. For example, Petitioner cites 28 U.S.C. § 242 and claims that it "hold that a court may not deprive a 'right' using a statute." (Doc. 18, p. 1.) It seems that Petitioner believes the Court violated 28 U.S.C. § 242 by conducting the Rule 4 review in this matter, which requires that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." (*See* Doc. 14, p. 2; Doc. 18, p. 2.) Contrary to Petitioner's characterization, however, 18 U.S.C. § 242 sets forth the punishments for

> [w]hoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, or District to

>  the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens . . . .

Simply put, 18 U.S.C. § 242 has no obvious relation to this Court's ability to enforce limitations on or conduct the required review of federal habeas petitions.

Similarly, Petitioner asserts that dismissal of this matter would violate the contractual agreement "to deconsecrate all enemies against this constitutional right" that Petitioner believes was created when the undersigned took the oath required by 28 U.S.C. § 453 before any United States Judge performs the duties of his or her office. (Doc. 18, p. 2.) Nothing in the plain language of the statutory text supports Petitioner's interpretation or application of 28 U.S.C. § 453. Along the same lines, contrary to Petitioner's assertion in his response, 18 U.S.C. § 241—the federal statute criminalizing conspiracy against the free exercise or enjoyment of federal and constitutional rights and privileges—does not "hold[ that] a 'rule' may not be quoted to deny a constitutionally ordained right to habeas corpus, such as Local Rule 9.1(g)(2)(A)." (*See* Doc. 18, p. 3.)

The Tenth Circuit has clearly held that congressional limitations on federal habeas claims are not per se unconstitutional. *See Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998) (holding that the one-year time limitation established in 28 U.S.C. § 2244(d)(1) for filing a federal habeas petition did not violate the Constitutional prohibition on suspending the writ). In accordance with this precedent, this Court has previously rejected the argument that rules and statutes placing limits or requirements on federal habeas petitions are inapplicable when a "habeas corpus petition 'i[s] non-statutory – it is constitutional.'" *See Pyles v. U.S. Dist. Ct. for Dist. Of Kan.*, 2022 WL 2817607, *2-3 (D. Kan. July 19, 2022) (unpublished) (quoting *Justice v. Myer*, 2020 WL 7481673, *1-2 (D. Kan. Oct. 15, 2020) (unpublished)). It sees no reason to alter this course now.

3

*The NOSC*

The NOSC explained that "to the extent that Petitioner seeks in this matter the dismissal of the pending state criminal charges against him, it is well established that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional." (Doc. 14, p. 5.) The NOSC identified the limited circumstances in which a federal court may intervene in ongoing state criminal proceedings and the circumstances in which abstention is mandatory. *Id.* at 5-6. Because the petition in this case does not allege the type of circumstances under which this Court may intervene in a state criminal prosecution, the NOSC directed Petitioner to show cause, in writing, why this case should not be dismissed. *Id.* at 7.

Liberally construing the response, Petitioner argues that he is immune to state criminal prosecution under "Ecclesiastical Cannon Law." (Doc. 18, p. 5.) Again, however, the case that he cites in support of this assertion does not contain the holding he ascribes to it. Petitioner claims that *Kawananakoa v. Polyblank*, 205 U.S. 349 (1907), holds, in his words:

> [A] sovereign is exempt from murder suits, due to no legal right as against the authority (such as ecclesiastical cannon law) that makes the one which the right depends, Petitioner's holds [and] claims a "deed" of sovereignty was purchased and placed in the registry of deeds office with the clerk Sally Pokorny, [and] verified by federal criminal litigation.

(Doc. 18, p. 5-6.) It does not.

*Kawananakoa* "is an appeal from a decree affirming a decree of foreclosure and sale under a mortgage." 205 U.S. at 352. It does not relate to the issues identified in the NOSC. Nor does the legal authority Petitioner invokes in the rest of his response, which the Court has carefully reviewed and which includes the Uniform Commercial Code; Kansas state statutes; federal regulations; the Contract Clause in Article 1, Section 10 of the United States Constitution; and

more. None of Petitioner's arguments or the legal authority he cites undermines the conclusion in the NOSC that this matter is subject to dismissal because this Court must abstain from interfering in state criminal prosecutions except under circumstances that are not present here.

The NOSC also addressed the legally frivolous nature of this matter:

> The constitutional "right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994) (internal quotation marks omitted). This matter is subject to dismissal because it is frivolous, which means "it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining "frivolous" in the context of a federal statute addressing initial review of prisoner civil actions other than federal habeas proceedings in which the prisoner proceeds in forma pauperis); *Jiron v. Thorson*, 557 F. App'x 792, 793 (10th Cir. Mar. 4, 2014) (unpublished) (applying the *Neitzke* definition to a habeas matter under § 2241). Although the petition in this matter cites many statutes, invokes multiple "doctrines," and uses legal terminology, it does not present an arguable basis in law or fact for relief.

(Doc. 14, p. 4.)

Petitioner's response suffers from the same problem. Although it contains citations to many legal authorities and uses legal terminology, it does not present an arguable basis in law or fact for finding that this matter is not frivolous. Nor does it present an arguable basis in law or fact for the Court to disregard the abstention doctrines set forth in *Ex parte Royall* and *Younger* and intervene in Petitioner's state criminal proceedings. Accordingly, this matter will be dismissed without prejudice as frivolous and, in the alternative, because the Court is required to abstain from intervening in Petitioner's state criminal proceedings.

As a final note, the Court emphasizes that "'[t]he right of access to the courts is neither absolute nor unconditional.'" *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). Rather, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."

*Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted). The processing of lengthy, frivolous documents unnecessarily consumes judicial resources.

Petitioner's practice of filing frivolous documents is approaching the level of abusive litigation. *See Maier v. Bureau of Consular Affairs*, Case No. 22-3237-JWL-JPO, Doc. 13, p. 1 (D. Kan. Nov. 8, 2022) (listing six filings by Plaintiff and finding "[a]ll of these filings are largely incomprehensible and frivolous"); *Id.* at Doc. 3, p. 1 (D. Kan. Oct. 11, 2022) (describing the complaint as "largely incomprehensible and appear[ing] to be legally frivolous"); *Maier v. State of Kansas*, Case No. 17-3221-SAC, Doc. 6, p. 3 (D. Kan. Feb. 2, 2018) ("Plaintiff's complaint is frivolous . . . and much of [it] is incomprehensible . . . ."); *Maier v. United States*, Case No. 17-3085-SAC-DJW, Doc. 7, p. 4 (D. Kan. June 14, 2017) ("Plaintiff's Amended Complaint is frivolous . . . ."); *Maier v. Kansas*, Case No. 17-3092-SAC-DJW, Doc. 3, p. 3 (D. Kan. May 31, 2017) ("Plaintiff's Complaint is frivolous . . . ."). Petitioner is therefore cautioned that if he continues to file frivolous actions or motions with this Court, he may be subject to filing restrictions.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to

debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this the motion for leave to proceed in forma pauperis (Doc. 13) is **granted** and this matter is **dismissed without prejudice**. No certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED:   This 3rd day of February, 2025, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge